IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br><br>$3,294.00 in U.S. Currency,<br><br>Defendant. | ORDER DENYING PATRICK BUSH'S MOTION TO DISMISS AND STAYING ENTRY OF DEFAULT JUDGMENT AGAINST PATRICK BUSH<br><br><br><br>Case No. 2:05 CV 00998 |

In this in rem proceeding, the United States seeks the forfeiture of $3,294 in United States Currency.  On or about November 16, 2000, Patrick Bush distributed an amount of cocaine.  Mr. Bush was subsequently arrested and the government seized $3,296.00 from his person.  A jury then found Patrick Bush guilty of six counts of distribution of cocaine and cocaine base under 21 U.S.C. 841(a)(1).  On May 20, 2005, the Tenth Circuit affirmed Mr. Bush's conviction.

On August 5, 2005, Mr. Bush filed a motion in the criminal proceeding against him, Case No. 2:01-CR-739 TS, for the return of the $3,294.  On October 3, 2005, Mr. Bush filed a verified declaration asserting a right to the $3,294 in that criminal proceeding.  The government then filed its civil forfeiture complaint on December 1, 2005, and served Mr. Bush with a copy of the

complaint on December 7, 2005.  Notice of the civil forfeiture action was published in the Salt

Lake Tribune for three consecutive weeks beginning on December 26, 2005.  Mr. Bush filed a

subsequent motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).  The United States then filed a

response to Mr. Bush's motion and an application for entry of default pursuant to Fed.R.Civ.P.

55(a).

Before the court may reach the merits of Mr. Bush's motion to dismiss, Mr. Bush must

have standing in this civil forfeiture action.  In civil forfeiture proceedings, the defendant is the

property subject to forfeiture, and third parties who wish to defend against the forfeiture must

intervene.  The Supplemental Rules for Certain Admiralty and Maritime Claims govern the

procedures for intervention in civil forfeiture claims and require that "a person who asserts an

interest in or right against the property that is the subject of the action must file a verified

statement identifying the interest or right."[1]

As Mr. Bush has not filed a verified statement in this proceeding pursuant to

Supplemental Rule C(6), he does not have standing in this proceeding to file a motion to

dismiss.[2]  This court should, however, exercise its discretion to allow the filing of a late verified

statement if "the goals underlying the time restriction and the verification requirement are not

thwarted."[3]  The purpose of the time restriction in Supplemental Rule C(6) is "to force claimants

---

[1]Supplemental Rule C(6)(a)(i).

[2]*See United States v. One-Sixth Share*, 326 F.3d 36, 40–41 (1st Cir. 2003).

[3]*United States v. 51 Pieces of Real Property, New Mexico*,17 F.3d 1306, 1318 (10th Cir. 1994) (quoting *United States v. 1982 Yukon Delta Houseboat*, 774 F.2d 1432, 1436 (9th Cir. 1985)).

to come forward as soon as possible after forfeiture proceedings have been initiated so that all interested parties can be heard and the dispute resolved without delay."[4]  And the purpose behind the verification requirement is to discourage false claims.[5]

Mr. Bush filed two motions requesting the return of the $3,294.00 in August and October of 2005 in the *criminal* proceeding against him prior to the United States filing its civil forfeiture complaint.  One of these motions appears to satisfy the requirements of a verified statement if it had been filed correctly in this *civil* forfeiture proceeding, rather than in the criminal proceeding. Mr. Bush requested additional time to file a claim on December 27, 2005 and then filed his motion to dismiss on January 5, 2006.  Although not the necessary verified claim, Mr. Bush did file his motion to dismiss within the thirty days after the Government's complaint as required by Supplemental Rule C(6)(a)(i)(A).  Furthermore, Supplemental Rule C(6)(a)(i)(B) allows the court discretion to allow a claimant additional time to file a verified claim if the need arises.

The court is unable to consider pleadings that are not filed in this civil forfeiture proceeding and will not consider Mr. Bush's October 2005 pleading as a verified statement under Supplemental Rule C(6).  As Mr. Bush has been timely in responding to the court and the court finds that the purposes of the time restriction have not been thwarted, the court will grant Mr. Bush twenty days to file a verified claim in this civil forfeiture proceeding pursuant to Supplemental Rule C(6)(a)(I) and stay the entry of default judgment.  If after twenty days Mr.

---

[4]*Id.* (quoting *United States v. 1982 Yukon Delta Houseboat*, 774 F.2d 1432, 1436 (9th Cir. 1985)).

[5]*See Id.*

Bush has not filed a verified statement, the court will reconsider the government's motion for entry of default judgment.

After carefully considering the parties' arguments, the court STRIKES Mr. Bush's motion to dismiss (# 6) and STAYS the entry of default judgment (#11).  The Clerk's Entry of Default Certificate (#14) is WITHDRAWN.  The court also STAYS the government's motion for entry of default judgment and order of forfeiture for twenty days until Mr. Bush has had the opportunity to respond to this order (#15).  Mr. Bush's failure to further respond to the court's order within twenty days will be construed as abandonment of his current claim, and the court will proceed accordingly.

SO ORDERED.

DATED this 3rd day of April, 2006.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge