IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br><br>vs.<br><br><br>$3,294.00 IN U.S. CURRENCY<br><br>Defendant. | ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND COMPEL RELEASE OF PROPERTY<br><br><br><br><br><br>Case No. 2:05-CV-00998-PGC |

In this in rem proceeding, the United States seeks the forfeiture of $3,294 in United States currency.  Claimant Patrick Bush brought a second motion to dismiss the government's complaint pursuant to Fed. R. Civ. P. 12(b)(6) and to compel release of the property [#19].  The United States opposes Mr. Bush's motion to dismiss and has submitted a opposition memorandum.  Mr. Bush has indicated to the court that he will not provide any further filings, so this matter is considered fully briefed.  Given the discussion below, the court finds that Mr. Bush has failed to demonstrate that there are no set of facts in the government's complaint that would entitle the government to the relief it seeks.  Therefore, the court DENIES Mr. Bush's second motion to dismiss and compel release of the property [#19].

BACKGROUND

On or about November 16, 2000, Patrick Bush distributed 34.2 grams of cocaine base. On December 12, 2001, the police arrested Mr. Bush and seized $3,294 on his person. A jury then found Mr. Bush guilty of six counts of distribution of cocaine and cocaine base under 21 U.S.C. 841(a)(1). On May 20, 2005, the Tenth Circuit affirmed Mr. Bush's conviction.

On August 5, 2005, Mr. Bush filed a motion in the criminal proceeding against him, Case No. 2:01-CR-739 TS, for the return of the seized $3,294. On October 3, 2005, Mr. Bush filed a verified declaration asserting a right to the $3,294 in that criminal proceeding. On December 1, 2005, the government then filed its civil forfeiture complaint, and served Mr. Bush with a copy of that complaint on December 7, 2005. Beginning on December 26, 2005, the *Salt Lake Tribune* published the notice of the civil forfeiture action for three consecutive weeks.

On January 5, 2006, Mr. Bush filed his first motion to dismiss and compel release of the property in this case pursuant to Fed. R. Civ. P. 12(b)(6) [#6]. The United States filed both its response to Mr. Bush's motion and an application for entry of default pursuant to Fed. R. Civ. P. 55(a). On April 3, 2006, the court ordered Mr. Bush's motion to dismiss struck and stayed the entry of default judgment and order of forfeiture for twenty days to give Mr. Bush the opportunity to file a verified statement in this proceeding [#17]. Mr. Bush subsequently filed a verified statement with the court on April 17, 2006 [#18]. He then filed his second motion to dismiss [#19]. Finally, on June 27, 2006, the government filed both its response to Mr. Bush's second motion to dismiss [#30] and its amended complaint [#32]. .

## DISCUSSION

Mr. Bush offers three arguments in support of his motion to dismiss. Specifically, he

argues that the government (1) willfully misstated the facts in its complaint to mislead the court, (2) did not provide enough evidence to show probable cause to warrant the civil forfeiture, and (3) violated his due process rights by holding the seized money for four years without starting proper forfeiture proceedings.

The government first argues that the complaint contained an incorrect date, which is de minimis error and should not be a cause for dismissal. The government has filed an amended complaint and argues that the amended filing should render Mr. Bush's argument on this issue moot. Second, the government argues that 18 U.S.C. § 983(a)(3)(D) provides that a complaint may not be dismissed on the ground that the government did not have adequate evidence at the time the claim was filed to establish a proper forfeiture of the property. Also, the government argues that there are sufficient facts to indicate the government has stated a claim upon which relief may be granted. Finally, the government argues that Mr. Bush's argument regarding the undue delay in bringing the forfeiture action is more appropriate at the summary judgment stage after all the facts have been ascertained. Additionally, the government argues that this item involves facts outside of the pleadings and argues that Mr. Bush has not met the elements required for dismissal under undue delay.

*A. Standard of Review*

The court notes that Mr. Bush, proceeding pro se, did not style his motion to indicate which subsection of Fed. R. Civ. P. 12(b) he sought to dismiss the government's complaint. Construing Mr. Bush's pleadings liberally,[1] the court assumes that Mr. Bush moves to dismiss

---

[1] *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

this complaint for failure to state a claim upon which relief can be granted.[2]

Upon considering a motion to dismiss for failure to state a claim, the court "accept[s] all well-pleaded factual allegations in the complaint as true and view[s] them in the light most favorable to the nonmoving party. A dismissal pursuant to 12(b)(6) will be affirmed only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief."[3] Moreover, on a motion to dismiss for failure to state a claim, this court does not "weigh potential evidence that the parties might present at trial, but assess[es] whether the plaintiffs' complaint alone is legally sufficient to state a claim for which relief may be granted."[4]

*B. The Government's Amended Complaint Is Stated with Sufficient Particularity*

The Federal Rules of Civil Procedure require only that a complaint provide a short and plain statement showing that the party is entitled to relief.[5] Civil in rem forfeiture claims are governed by the Supplemental Rules for Certain Admiralty and Maritime Claims, however, which require a heightened standard of pleading.[6] Under these Supplemental Rules, an in rem action: "shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence

---

[2] Fed. R. Civ. Pro. 12(b)(6).

[3] *Nelson v. State Farm Mut. Auto. Ins. Co.*, 419 F.3d 1117, 1119 (10th Cir. 2005) (quoting *Clark v. State Farm Mut. Auto. Ins. Co.*, 319 F.3d 1234, 1240 (10th Cir. 2003) (citation and quotation marks omitted)).

[4] *Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (quoting *Miller v. Glanz*, 948 F.2d 1562 (10th Cir. 1991)).

[5] Fed. R. Civ. P. 8(a).

[6] 21 U.S.C. § 881(b).

an investigation of the facts and to frame a responsive pleading."[7]

According to Fed. R. Civ. P. 15(a), the government may amend its pleadings once as a matter of course at any time before a response pleading has been filed. Responsive pleadings under Fed. R. Civ. P. 7(a) include complaints, answers, reply to counterclaims, answers to cross-claims, third-party complaints and third-party answers.[8] Mr. Bush has filed a verified claim and a motion to dismiss, but has not filed any of the responsive pleadings listed in Rule 7(a). Therefore, the government may file its amended complaint as a matter of course, and the court reviews this amended complaint to determine whether it has pleaded the surrounding facts with sufficient particularity in accordance with the Supplement Rules.

In *United States v. $39,000 in Canadian Currency*,[9] the government seized money under § 881(a)(6), alleging that the money was related to a drug transaction. The Tenth Circuit noted that the government's complaint provided "no date or location of any purported or intended exchange, no dollar amount of such an exchange, no specific type or quantity of controlled substance, and no identified participant."[10] After a long discussion, it held that held that "in order to comport with Rule E(2)(a)'s requirement of particularity, the complaint in a civil forfeiture action under 21 U.S.C. § 881 must allege specific facts sufficient to support an

---

[7] Supp'l Admiralty and Maritime Claims R. E(2)(a).

[8] *Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 370 (10th Cir. 1989).

[9] 801 F.2d 1210 (10th Cir. 1986).

[10] *Id*. at 1220.

inference that the property is subject to forfeiture under the statute."[11] Therefore, in a civil in rem forfeiture action, the government may not rely on the liberal notice pleading rules, but rather must set forth the circumstances and specific facts with particularity in its complaint.

In that vein, the government provides the amended complaint filed contemporaneously with its response to Mr. Bush's second motion to dismiss. The amended complaint provides five dates on which Mr. Bush allegedly sold cocaine and cocaine base that was redistributed to a police officer.[12] The government specifies that on November 16, 2000, Mr. Bush provided two ounces of crack cocaine to an associate, knowing it was intended for sale, and indicates that the crack cocaine weighed 34.2 grams.[13] Mr. Bush was indicted a little more than a year later and subsequently arrested. At the arrest, the police seized $3,294 from Mr. Bush and placed the money into evidence with the FBI.[14] Futhermore, the amended complaint specifies that Mr. Bush told a detective that he earned the money "under the table" by selling cars at Karl Malone Toyota. The amended complaint states that Krysta Rasmussen, a human resources employee at Karl Malone Toyota, contradicts Mr. Bush's story by attesting that Mr. Bush has never worked at the dealership in any capacity, under the table or otherwise.[15] Finally, the amended complaint states that a reliable source providing information to FBI Special Agent DiGuiseppi over the course of

---

[11] *Id.* at 1219.

[12] Amended Complaint at ¶ 5.

[13] *Id.* at ¶ 6.

[14] *Id.* at ¶¶ 7-8.

[15] *Id.* at ¶¶ 9,12.

four years indicates that Mr. Bush's only work and salary information for 2001 was $3,700, earned at Meadow Brook LLC from April to September 2001.[16]

While more than a year passed between the sale in November 2000 and the arrest and subsequent seizure of funds in December 2001, the amended complaint states with sufficient particularity the circumstances of Mr. Bush's alleged activities, arrest, income and work history. It states with sufficient particularity the circumstances surrounding the alleged sales of drugs and relates specifically to the money seized from Mr. Bush at his arrest.  Mr. Bush's main argument is that the complaint stated the wrong date of his arrest indicating when he allegedly sold drugs, but the amended complaint has fixed this error.  Therefore, the court finds that the government's amended complaint contains information with sufficient particularity regarding the dates of purported exchanges and the specific type and quantity of the controlled substance, and also sufficiently states Mr. Bush's role in the drug sales to survive Supplement Rule E(2)(a) scrutiny.[17]

   *C. Dismissal of the Complaint at this Stage Is Not Proper.*

Mr. Bush argues that the government's complaint should be dismissed because the government did not have enough evidence at the time it filed the complaint to warrant forfeiture of the funds.  According to 18 U.S.C. § 983(a)(3)(D), "No complaint may be dismissed on the ground that the Government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property."

---

[16] *Id* at ¶ 13.

[17] *$39,000 in Canadian Currency*, 801 F.2d at 1219-20.

Mr. Bush makes a number of arguments regarding probable cause, arguing that the government lacked sufficient probable cause to initiate the civil forfeiture proceedings. It is clear that the government need not establish forfeitability of the property until trial, and therefore dismissal based on lack of probable cause is not proper.[18] In a motion to dismiss, the court takes all of the amended complaint's statements as true, and the court finds that in this instance the amended complaint clearly set stated with sufficient particularity the allegations surrounding its claim on the funds. The amended complaint alleges Mr. Bush engaged in illegal distribution of cocaine and cocaine base. It alleges that Mr. Bush was indicted, arrested, and had money seized. It also alleges that Mr. Bush stated he sold cars for income, but indicated that he had no other source of income. Finally, it establishes that Mr. Bush was convicted of drug distribution. It then alleges that the property is the proceeds of drug distribution and seeks forfeiture. Taking these allegations to be true in a motion to dismiss, the court finds that the government has sufficiently demonstrated probable cause for bringing a civil forfeiture of the funds. During the discovery process, certain facts may come to light that weigh in the favor of Mr. Bush's argument, but at this stage of the pleadings, the court may not grant a motion to dismiss based on probable cause or sufficiency of the evidence arguments. Accordingly, at this stage, dismissal of the complaint is not appropriate.

*D. Undue Delay is Not Appropriate to Warrant Dismissal at this Stage.*

Finally, Mr. Bush argues that the government engaged in undue delay by bringing this

---

[18] *United States v. One 1974 Learjet*, 191 F.3d 668 (6th Cir. 1999); *United States v. Daccarett*, 6 F.3d 37 (2d Cir. 1993).

forfeiture action several years after his conviction. The government concedes that it did not bring the forfeiture action until four years after the FBI booked the funds into evidence. It states, however, that the property was held as evidence in the criminal proceeding. Mr. Bush's criminal proceeding did not conclude until May 20, 2005, when the Tenth Circuit affirmed his conviction. Therefore, until May 20, 2005, the government held the funds as criminal evidence, rather than for a civil forfeiture.

Mr. Bush argues that the four factors of *United States v. $8,850 in U.S. Currency*[19] weigh in favor of a finding of undue delay and violation of his due process rights. The court first looks at the length of the delay. In this case, the delay appears to be four years from the time of arrest and seizure to the actual filing of a civil forfeiture complaint. The government concedes that this delay might be long, but insists it is reasonable.

The second factor is the reason the government assigns the delay. The government argues that it had a pending criminal proceeding against Mr. Bush until the Tenth Circuit's affirmed his conviction on May 20, 2005. "Pending criminal proceedings present similar justifications for delay in instituting civil forfeiture proceedings."[20] Although the court is wary of the government acting without deliberate speed in bringing civil forfeiture cases, it does not seem unreasonable for the government to delay filing until it was certain Mr. Bush would be convicted.

The third factor is the claimant's assertion of the right to a judicial hearing. "A claimant

---

[19] 461 U.S. 555, 569 (1983).

[20] *Id*. at 567.

is able to trigger rapid filing of a forfeiture action if he desires it."[21]  Mr. Bush did not file any claim on the property until August 15, 2005, and the government filed its civil forfeiture action on December 1, 2005.  Such delay does not appear unreasonable, especially given that Mr. Bush could have exercised his right to file a claim on the funds at any point much earlier in the process.

Finally, the fourth factor to examine is whether Mr. Bush has been prejudiced by the delay.  According to *8,850 in U.S. Currency*, the claimant must show that the delay results in prejudice to the claimant's ability to defend against the action.[22]  Mr. Bush argues that being without the funds has been a financial burden, but he does not demonstrate or allege any prejudice to his ability to defend against the civil forfeiture based on delay.  Indeed, it appears reasonable that Mr. Bush is capable of defending against this civil forfeiture given the pleadings he has already filed with the court.  And he does not allege that the delay has hampered Mr. Bush's ability to present a defense on the merits, by a loss of witnesses or other important evidence.

The balance of the *8,850 in U.S. Currency* factors weighs in favor of a finding that unreasonable delay has not occurred.  Accordingly, the court declines to grant Mr. Bush's motion to dismiss on this ground.

## CONCLUSION

Given the discussion above, the court DENIES the defendant's motion to dismiss and

---

[21] *Id*. at 569.

[22] *Id*.

compel release of property [#19]. Given that this is Mr. Bush's second motion to dismiss, the court will not entertain another motion to dismiss from Mr. Bush absent his application to the court for leave to file any further motions to dismiss. The government is also directed to take appropriate steps to bring this case to an expeditious determination of its claims, such as filing an appropriate motion for summary judgment.

    SO ORDERED.

    DATED this 13th day of July, 2006.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge